OWEN, WICKERSHAM & ERICKSON, P.C.
LAWRENCE G. TOWNSEND CBN 88184
LINDSEY B. FURTADO CBN 275355
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone:    415.882.3200
Facsimile:    415.882.3232
Email: ltownsend@owe.com
Email: lfurtado@owe.com

Attorneys for Plaintiff
TOM KUENEMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tom Kueneman, | Case No. C 14 00564 LB |
| Plaintiff, | **PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)** |
| vs. | |
| Davy Vandeputte, JOHN DOE 1 a/k/a BATRASTARD PANTHAR, and JOHN DOE 2 a/k/a SHANE NEILSON | |
| Defendants. | |

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Tom Kueneman ("Plaintiff"), through counsel, hereby moves this Court pursuant

to Federal Rule of Civil Procedure 4(f)(3) for an order permitting Plaintiff to effect service on

Defendant Davy Vandeputte ("Vandeputte") through electronic mail ("email") or in the

alternative authorizing service through any form of postal mail that the clerk addresses and sends

to Vandeputte that requires a signed receipt.

## II.    FACTUAL BACKGROUND

This is a copyright infringement action against Vandeputte and John Doe 1 a/k/a

Batrastard Panthar and John Doe 2 a/k/a Shane Neilson (collectively, "the John Doe

Defendants")[1] based on conduct within the Second Life virtual world platform hosted by Linden Research, Inc. d/b/a Linden Lab.  In order to effect the removal of the infringing content, Plaintiff served a Digital Millennium Copyright Act ("DMCA") Notification, pursuant to 17 USC § 512(c)(3) relating to all three defendants.  (Dkt. No. 1, Compl., Ex. C.)

Vandeputte responded with a DMCA Counter-Notification under 17 U.S.C. §51(g)(3). (Dkt. No. 1, Compl. Ex. A.) In Vandeputte's DMCA Counter-Notification, Vandeputte provided a mailing address in Belgium, but consented to the jurisdiction of this Court and agreed to accept service of process from the Plaintiff.  (Dkt. No. 1, Compl. Ex. A.)  In addition, Vandeputte's DMCA Counter-Notification also provided an email address as a method of contact, although that was not required by the DMCA.  (Dkt. No. 1, Compl. Ex. A.)  Additionally, Vandeputte has corresponded with Plaintiff's counsel by email to tender a settlement offer. (Humphries Decl. ¶ 7.)

Plaintiff also notes that Vandeputte has demonstrated that he is conversant in the English language.  First, he does business within the Second Life virtual world platform in English and his access to the Second Life platform is governed by the Linden Lab Terms of Service and other documents which are only available in the English language.  (Humphries Decl. ¶ 3.)  Further, Vandeputte's Counter-Notification and settlement offer to Plaintiff (extended after receiving an English copy of the Complaint filed in this matter from Linden Lab) were both in English and indicated a solid grasp of the language and an understanding of the claims being asserted against him. (Dkt. No. 1, Compl Ex. A and Humphries Decl. ¶ 7.)  Therefore, Plaintiff does not believe

---

[1]  Plaintiff has not ascertained the full identity of the John Doe Defendants, although Plaintiff's counsel believes that Vandeputte is in possession of that information - based on communication received from Vandeputte.  (Humphries Decl. ¶ 7.)  At this time, Plaintiff intends to serve process on Vandeputte and use formal discovery procedures to ascertain the full identities of the John Doe Defendants through Vandeputte. (Humphries Decl. ¶ 8.)

1   that Vandeputte requires the translation of any documents to have a full understanding of the

2   documents.

3   **III.   ARGUMENT**

4       Service of process upon Vandeputte must accord with Rule 4(f) of the Federal Rules of

5   Civil Procedure ("Rule 4(f)").  Although Rule 4(f) provides multiple methods for service, Rule

6   4(f)(3) authorizes the Court to craft a method of service of process that is reasonably calculated

7   to give notice to this particular defendant.  "Court-directed service under Rule 4(f)(3) is as

8   favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," and availability of such service

9

10  is not contingent on first attempting service of process by other means.  Rio Properties, Inc. v.

11  Rio International Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).  Based on the circumstances of

12  this case, Plaintiff believes that court-directed service of an alternative method, namely service

13  by email, under Rule 4(f)(3) is more efficient than the specific methods of service provided in

14  Rule 4(f).

15      Court-directed service under Rule 4(f)(3) is permissible if the method of service is not

16

17  prohibited by international agreement and comports with the requirements of due process.  See

18  Rio Properties, 284 F.3d at 1015 & 1016-1017.  Counsel is not aware of any international

19  agreement prohibiting service by email, and in fact, the Ninth Circuit has explicitly recognized

20  that service of process by email is an appropriate alternate method where the trial court balances

21  the limitations of email service against its benefits.  Id. at 1017.  In the present case, Vandeputte

22  has elected to use email as his method of communicating with Plaintiff's counsel.  Moreover, the

23  conduct providing the basis for Plaintiff's claims demonstrates that Vandeputte is extremely

24  technologically capable.  Therefore, given that Vandeputte has consented to the jurisdiction of

25  this Court, has agreed to accept service from the Plaintiff, and has already communicated with

26  counsel for Plaintiff by email, service of process by email is reasonable under the circumstances.

27

28  Such service is reasonably calculated to apprise Vandeputte of the pendency of the action and to

1  afford him with the opportunity to respond, as required to comport with the requirements of due

2  process.

3      Furthermore, given Vandeputte's demonstrated understanding of the English language,

4  Plaintiff asserts that all documents served may be served in English and comply with the

5  principles of due process.  Based on Vandeputte's offer of settlement after Linden Lab informed

6  counsel it had forwarded the Complaint to him, it appears that Vandeputte has already received a

7  copy of the Complaint in English and extended a settlement offer based on the language therein.

8  (Humphries Decl. ¶¶ 6-7.)  Further, all of the communications counsel have received from

9  Vandeputte have been in English.  (Humphries Decl. ¶¶ 5 & 7.)  Therefore, due process does not

10  require the translation of the documents into another language in order for Vandeputte to receive

11  the notice and opportunity required for due process.

12

13      In the event that the Court does not authorize service by email, Plaintiff respectfully

14  requests entry of an order explicitly authorizing service by "any form of mail that the clerk

15  addresses and sends to the individual and that requires a signed receipt" as provided in Rule

16  4(f)(2)(C)(ii).  Rule 4(f)(2) permits service to be accomplished, if an international agreement

17  allows but does not specify other means, by a method that is reasonably calculated to give notice:

18  (1) as prescribed by the foreign country's law; (2) as directed by the foreign country in response

19  to a letter rogatory or letter of request; and, unless prohibited by the foreign country's law by: (3)

20  personal delivery or (4) any form of mail addressed by the clerk and requiring a signed receipt.

21  Article 10(a) of the Hague Service Convention allows for the sending of "judicial documents, by

22  postal channels, directly to persons abroad," as long as the destination state does not object.  Like

23  the United States, Belgium is a signatory to the Hague Service Convention, but has not objected

24  to Article 10(a).  (Humphries Decl. ¶ 9 and Exhibit 2.)  Therefore, in the alternative to email,

25  Plaintiff's counsel requests authorization for service by "using any form of mail that the clerk

26  addresses and sends to the individual and that requires a signed receipt" under Rule

27

28

4(f)(2)(C)(ii).  Again, Plaintiff asserts that documents need not be translated for service, given Vandeputte's demonstrated comprehension of the English language.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court enter an order granting this Motion and authorizing service on Defendant Davy Vandeputte by email, or in the alternative by international certified mail address by the clerk.

Respectfully submitted,

Dated: May 1, 2014                                    OWEN, WICKERSHAM & ERICKSON, P.C.

By _____
        Lawrence G. Townsend
        Lindsey B. Furtado

Attorneys for Plaintiff
TOM KUENEMAN

## CERTIFICATE OF SERVICE

I, B.C. Dunne, am employed in the City and County of San Francisco, State of California, am over the age of eighteen; and not a party to this action. My business address is 455 Market Street, 19th Floor, San Francisco, California 94105. I am readily familiar with the business practice at my place of business for processing of correspondence and documents by mail with the United States Postal Service, by overnight delivery through an overnight service, by personal delivery through a courier service, by facsimile, and/or by email.

On the date below, I served the following document(s):

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3);

DECLARATION OF CHRISTINA B. HUMPHRIES I SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3); and

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

on the person(s) listed below:

*By Email (dvandeputte1@gmail.com) & USPS:*
Davy Vandeputte
Krapstraat 1008
9255 Buggenhout
BELGIUM

  X    BY U.S. MAIL:   Such correspondence was deposited, with postage fully prepaid, with the United States Postal Service, at San Francisco, California, on the same day in the ordinary course of business.

  X    BY EMAIL: The document was transmitted via email in the form of .pdf attachment or other readable document.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Executed on May 1, 2014, at San Francisco, California.

B C Dunne

B. C. Dunne