UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TOM KUENEMAN, | No. C 14-00564 LB |
| Plaintiff, | **ORDER PERMITTING SERVICE OF PROCESS AND MOTION VIA E-MAIL** |
| v. | |
| DAVY VANDEPUTTE, JOHN DOE 1 a/k/a BATRASTART PANTHAT, and JOHN DOE 2 a/k/a SHANE NEILSON | [Re: ECF No. 11] |
| Defendants. | |

Plaintiff Tom Kueneman filed this copyright infringement action on February 6, 2014 naming Davy Vandeputte, John Doe 1 a/k/a Batrastart Panthat, and John Doe 2 a/k/a Shane Neilson, as Defendants. *See* Complaint, ECF No. 1.[1] Mr. Kueneman develops "skill-based games" for use in Second Life, an "online virtual world" hosted by Linden Research, Inc. d/b/a Linden Lab. *Id.* ¶¶ 12, 16. Mr. Kueneman licenses and distributes these games in exchange for "Linden Dollars," a virtual currency that can be exchanged for U.S. dollars. *Id.* ¶ 16. Mr. Kueneman owns copyrights in a game called Enchanted. *Id.* ¶ 17. He alleges that Defendants are infringing his copyrights by "copying, selling, publicly performing and publicly displaying" games that are substantially similar and/or unauthorized derivative works based upon Enchanted. *Id.* ¶¶ 19-20. He asserts claims for

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 14-00564 LB
ORDER

copyright infringement and violations of South Carolina's Unfair Trade Practices Act, S.C. Code §§ 39-5-10, *et seq. Id.* ¶¶ 30-55.

Prior to filing suit and pursuant to 17 U.S.C. § 512(c)(3), Mr. Kueneman served a Digital Millennium Copyright Act ("DMCA") Notification relating to Defendants. *Id.* ¶ 25, Ex. C; *see* Motion for Alternate Service of Process, ECF No. 11 at 2. Mr. Vandeputte responded with a DMCA Counter-Notification. *See* Complaint, ECF No. 1, Ex. A. In the DMCA Counter-Notification, Mr. Vandeputte provided contact information, including a mailing address, telephone number, and email address. *Id.* He also stated "I hereby consent to the jurisdiction of the Federal District Court for the San Francisco, California judicial district. . . . I agree to accept service of process from the complainant." *Id.*

On May 1, 2014, Mr. Kueneman filed an ex parte Motion for Alternate Service of Process. *See* Motion, ECF No. 11. In an attached declaration, Mr. Kueneman's counsel stated that she provided a copy of the Complaint to Linden Lab. *See* Humphries Decl., ECF No. 11-1, ¶ 6. Linden Lab later said it had forwarded the Complaint to Mr. Vandeputte. *Id.* Mr. Vandeputte later contacted Mr. Kueneman's counsel from the email address sandra.showboat@gmail.com and expressed a desire to resolve the matter out of court. *Id.* ¶ 7. The Complaint, and all of counsel's communications with Mr. Vandeputte, were in English. *Id.* ¶ 6.

In the pending Motion, Mr. Kueneman seeks leave to serve Mr. Vandeputte by email. *Id.* Alternatively, Mr. Kueneman asks the court to authorize service by international certified mail addressed by the clerk. *Id.*

Federal Rule of Civil Procedure 4(f) authorizes service of process on an individual in a foreign country in the following ways:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

  (C) unless prohibited by the foreign country's law, by:

    (i) delivering a copy of the summons and of the complaint to the individual personally; or

    (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

 (3) by other means not prohibited by international agreement, as the court orders.

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming propriety of service of process by e-mail). While Rule 4(f)(3) gives the court discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)).

 Here, Mr. Kueneman proposes serving Mr. Vandeputte at both email addresses provided: dbandeputte1@gmail.com and sandra.showboat@gmail.com. *Id.*; *see* Proposed Order, ECF No. 11-2 (indicating request is to serve at both addresses). Mr. Vandeputte already has actual notice of the Complaint and has responded in English. Accordingly, the court finds that email service appears reasonably calculated to apprise him of the action and provide him an opportunity to present his objections, so as to satisfy due process. .

 Accordingly, the court **ORDERS** Mr. Kueneman to contact Mr. Vandeputte and informally ask whether he would be willing to waive service of process. If he agrees, counsel should follow the procedures in Rule 4(d). If he does not agree (or fails to timely respond), Mr. Kueneman should file a short renewed motion for alternate service along with a declaration providing an update. The court will look favorably upon such a renewed motion.

 This disposes of ECF No. 11.

1  **IT IS SO ORDERED.**

2  Dated: May 16, 2014

3  _____
   LAUREL BEELER
   United States Magistrate Judge